### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| DONYELL MAYHEW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 4154 |
| vs. ) | |
| ) | Judge Matthew F. Kennelly |
| CHICAGO POLICE OFFICERS DANIEL ) | |
| GUTIERREZ, Star No. 8273, JOHN ) | Presiding Magistrate Judge Sidney I. Schenkier |
| DOLAN, Star No. 7722, "JOHN DOE," ) | |
| "JOE DOE," and the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

### AMENDED COMPLAINT

NOW COMES Plaintiff DONYELL MAYHEW, through his attorneys, and for his Amended Complaint, states as follows:

### NATURE OF CLAIM

1. This is an action pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws of the State of Illinois, against Officer Daniel Gutierrez, Officer John Dolan, Officer "John Doe," Officer "Joe Doe" (collectively, "the Individual Defendants"), and others, the names and identities of whom are as yet undiscoverable and have been concealed, in their individual capacities, and against the City of Chicago.

2. The Individual Defendants used excessive force, violating Plaintiff's rights under the United States Constitution, and the Individual Defendants assaulted and battered Plaintiff. These violations and torts occurred as a result of policies and customs of the City of Chicago.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, because the complaint alleges constitutional and federal statutory violations against the Defendants. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims.

4. Venue lies in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(2), because all events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff Donyell Mayhew was, at all relevant times, a citizen of the State of Illinois, and resided within Chicago, Cook County, Illinois.

6. Defendants Officer Daniel Gutierrez, Officer John Dolan, Officer "John Doe" and Officer "Joe Doe" were, at all relevant times, duly appointed officers in the Chicago Police Department, and were citizens of the State of Illinois. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law.

7. Defendant City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant City of Chicago maintained, managed and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On September 27, 2006, Plaintiff Donyell Mayhew was alleged to be involved in a robbery of Defendant Gutierrez.

9. After the alleged incident, on September 27, 2006, Plaintiff Donyell Mayhew was at an apartment located at 209 N. Kolmar, Chicago, Illinois.

10. Plaintiff was in the bathroom of the apartment, when the police came to the door. The police officers entered the apartment.

11. Defendant Dolan entered the bathroom with his gun drawn and ordered Plaintiff to get on the floor. Plaintiff promptly complied with Defendant Dolan's instructions.

12. Defendant Dolan then instructed Plaintiff to put his hands behind his head.

13. Plaintiff promptly complied with Defendant Dolan's instructions.

14. Without any justification, Defendant Dolan then kicked Plaintiff in the head.

15. Defendant Dolan handcuffed Plaintiff.

16. Defendant "John Doe," an older, Caucasian gentlemen, then entered the bathroom and kicked Plaintiff, who was still handcuffed and on the bathroom floor, in the head.

17. Defendants Dolan and "John Doe" stood Plaintiff up, and Defendant Dolan proceeded to punch Plaintiff in the face.

18. Defendant Gutierrez and Defendant "Joe Doe" entered the bathroom. Defendant Gutierrez asked Plaintiff, "Remember me? Remember me, m***** f*****?" and then proceeded to punch Plaintiff in the face. Plaintiff fell to the floor.

19. Defendant Dolan lifted Plaintiff up, grabbed him by the throat and held him off the ground for a considerable period of time. During that time, Defendants Gutierrez, "John Doe" and "Joe Doe" punched Plaintiff.

20. Defendant Dolan then stood Plaintiff up and Defendants Gutierrez, "John Doe" and "Joe Doe" proceeded to punch Plaintiff in the stomach, while Defendant Dolan held Plaintiff from behind.

21. Defendant Dolan let go of Plaintiff, and Plaintiff again fell to the floor.

22. While on the floor, Defendant Dolan struck Plaintiff with the butt of a gun.

23. Defendant Dolan then wiped the blood off of Plaintiff's face with a towel found in the bathroom, and the Defendants brought Plaintiff into the living room of the apartment.

24. The Defendants took Plaintiff to the police station located at 3340 W. Fillmore Street, Chicago, Illinois. There they ripped off his bloody shirt and instructed him to put on a different one that they provided.

25. The Defendants then took Plaintiff to the police station located at 3151 W. Harrison Street, Chicago, Illinois.

26. During processing at the Harrison Police Station, the Defendants were ordered to take Plaintiff to receive medical treatment for his injuries.

27. The Defendants took Plaintiff to Loretto Hospital.

28. At Loretto Hospital, Plaintiff was examined by a physician, given medication, and his wounds were bandaged.

29. On September 27, 2006 Defendants Gutierrez and Dolan swore out Complaints for Preliminary Examination against Plaintiff for armed robbery and aggravated battery.

30. On September 28, 2006, Plaintiff was taken to Cook County Jail for processing.

31. At processing, an officer pulled Plaintiff aside and, upon information and belief, in order to document Plaintiff's injuries, the officer's staff took a number of photos of Plaintiff's face, arms and mouth. Despite repeated requests in discovery, those photos have not been produced.

32. On October 23, 2006, Plaintiff filed a three-page complaint with the Chicago Police Department's Office of Professional Standards, recounting the actions described in this Complaint.

33. Upon information and belief, and based upon investigation of counsel, the Chicago Police Department's Office of Professional Standards has taken no action on Plaintiff's October 23, 2006 complaint.

34. The activities of the Defendants detailed herein were unjustified, willful and wanton.

## COUNT I

### (42 U.S.C. § 1983: Excessive Force Against Individual Defendants)

35. Plaintiff hereby incorporates and realleges paragraphs 1-33, as though fully set forth herein.

36. Defendants Officer Daniel Gutierrez, Officer John Dolan, Officer "John Doe" and Officer "Joe Doe" used excessive and unreasonable force under the circumstances against Plaintiff, in violation of Plaintiff's Fourth Amendment rights.

37. The Individual Defendants conduct under the circumstances was an excessive use of force; a reasonable police officer in the Individual Defendants' position would not have used such force.

38. As a result of the actions of the Individual Defendants, Plaintiff suffered bodily injury.

39. As a direct and proximate consequence of the Individual Defendants' conduct, Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, monetary damages, pain and suffering.

WHEREFORE, Plaintiff Donyell Mayhew requests that this Court enter judgment in his favor and against the Individual Defendants, and:

    (1)    Award compensatory damages to Plaintiff against Defendants, jointly and severally;

    (2)    Award punitive damages to Plaintiff against Defendants, jointly and severally;

    (3)    Award costs of this action to Plaintiff;

    (4)    Award reasonable attorneys' fees and costs to Plaintiff; and

    (5)    Award such other and further relief as this Court may deem appropriate.

## COUNT II

**(Battery Claim Against Individual Defendants)**

40. Plaintiff hereby incorporates and realleges paragraphs 1-33, as though fully set forth herein.

41. Defendants Gutierrez, Dolan, "John Doe" and "Joe Doe" intentionally struck Plaintiff about the head and body, without justification.

42. The striking of Plaintiff caused him injury.

43. As a result of the injury, Plaintiff suffered damages including, physical harm, pain and suffering.

44. The striking of Plaintiff was a proximate cause of Plaintiff's damages

WHEREFORE, Plaintiff Donyell Mayhew requests that this Court enter judgment in his favor and against the Individual Defendants, and:

    (1)    Award compensatory damages to Plaintiff against Defendants, jointly and severally;

    (2)    Award punitive damages to Plaintiff against Defendants, jointly and severally; and

    (3)    Award such other and further relief as this Court may deem appropriate.

## COUNT III

### (Assault Claim Against Individual Defendants)

45. Plaintiff hereby incorporates and realleges paragraphs 1-33, as though fully set forth herein.

46. Defendants Gutierrez, Dolan, "John Doe" and "Joe Doe" repeatedly threatened Plaintiff with bodily harm, with the intention of frightening Plaintiff.

47. Defendants' threats caused Plaintiff to anticipate that he would be struck.

48. As a result of his fear and anticipation of being struck, Plaintiff suffered damages.

49. The fear of being struck was a proximate cause of Plaintiff's damages

WHEREFORE, Plaintiff Donyell Mayhew requests that this Court enter judgment in his favor and against the Individual Defendants, and:

    (1) Award compensatory damages to Plaintiff against Defendants, jointly and severally;

    (2) Award punitive damages to Plaintiff against Defendants, jointly and severally; and

    (3) Award such other and further relief as this Court may deem appropriate.

## COUNT IV

### (42 U.S.C. § 1983: *Monell* Claim Against City of Chicago)

50. Plaintiff hereby incorporates and realleges paragraphs 1-35, as though fully set forth herein.

51. The City of Chicago developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Chicago, that caused the violation of Plaintiff's rights.

52. It was the policy and/or custom of the City of Chicago, as promulgated, enforced and disseminated by the City of Chicago, the Chicago Police Department, and the Office of Professional Standards, who are charged with ensuring compliance with the Constitution of the United States, in this case, to tolerate, permit and promulgate the following customs, polices and practices that caused the constitutional violations alleged herein, including but not limited to:

    a. The failure to adequately investigate and substantiate allegations of misconduct (such as the conduct alleged in this Amended Complaint) by police officers;

    b. The failure to adequately discipline police officers that engage in misconduct (such as the conduct alleged in this Amended Complaint); and

    c. The failure to deter police officers from engaging in misconduct (such as the conduct alleged in this Amended Complaint) through deficient, defective and ineffectual investigatory and disciplinary procedures.

53. As a result of the above described policies and customs, police officers of the City of Chicago, including the Individual Defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

54. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Chicago to the constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights alleged herein.

55. As a proximate result of the above-detailed actions of the Defendants, Plaintiff was injured, including injuries resultant from the above-detailed constitutional violations, pain, suffering and physical injuries.

WHEREFORE, Plaintiff Donyell Mayhew requests that this Court enter judgment in his favor and against the Defendant City of Chicago:

(1) Award compensatory damages to Plaintiff against Defendant City of Chicago;

(2) Award costs of this action to the Plaintiff;

(3) Award reasonable attorneys' fees and costs to the Plaintiff; and

(4) Award such other and further relief as this Court may deem appropriate.

## JURY DEMAND

The Plaintiff hereby demands a jury trial.

Dated: January 2, 2009

        Respectfully submitted,

        Donyell Mayhew


        By: /s/Mónica M. Millán
           One of His Attorneys

Scott J. Fisher
Mónica M. Millán
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street - Suite 2200
Chicago, IL 60602-3801
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

## **CERTIFICATE OF SERVICE**

I, Mónica M. Millán, an attorney, do hereby certify that I served a copy of the foregoing Amended Complaint by depositing same in the U.S. Mail Box located at Two North LaSalle Street, Suite 2200, Chicago, IL 60602 in sealed envelopes with proper postage prepaid, addressed to: before 4:30 p.m. this 2nd day of January, 2009.

By: /s/ Mónica M. Millán
Mónica M. Millán

NGEDOCS: 008000.0301:1591939.1